TRINETTE G. KENT (State Bar No. 222020)
3219 E Camelback Rd, #588
Phoenix, AZ 85018
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@kentlawpc.com

*Attorneys for Plaintiffs,*
*Maria C. Lopez and Silverio A. Lopez*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA C. LOPEZ, and SILVERIO A. LOPEZ, | Case No.: **'21 CV 1582 BEN KSC** |
| Plaintiffs, | **VERIFIED COMPLAINT** |
| vs. | **JURY TRIAL DEMAND** |
| NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION LLC, | |
| Defendants. | |

Maria C. Lopez and her husband Silverio A. Lopez ("Plaintiffs"), by and through the undersigned counsel, with knowledge as to Plaintiffs' own acts and investigation of counsel as to the acts of others, believing that further investigation and discovery will confirm that such allegations have substantial evidentiary support, bring this action against defendants, NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING ("Shellpoint"), EQUIFAX INFORMATION SERVICES

LLC ("Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), and TRANS UNION LLC ("Trans Union") (collectively "Defendants"), and allege as follows:

## PRELIMINARY STATEMENT

1.     Plaintiffs bring this action against Defendants for damages resulting from their violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

2.     "Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system." 15 U.S.C. § 1681 (a)(1). "Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers." 15 U.S.C. § 1681 (a)(3). "There is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right of privacy." 15 U.S.C. § 1681 (a)(4).

3.     Consumer reporting agencies are to "[]adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information …" 15 U.S.C. § 1681 (b).

## JURISDICTION

4.     Jurisdiction is proper under 28 U.S.C. § 1331, and 15 U.S.C. § 1681p (FCRA) as this action arises under the laws of the United States.

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as Plaintiffs reside in this district and a substantial part of the acts and omissions giving rise to the claims occurred within this judicial district.

## PARTIES

6.     Plaintiff Maria C. Lopez is a natural person who resides in Chula Vista, California.

7.     Plaintiff Silverio A. Lopez is a natural person who resides in Chula Vista, California.

8.     Shellpoint manages mortgage loans after mortgage lenders originate them. Shellpoint is a Delaware LLC with a registered agent in California located at CSC – Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833.

9.     Shellpoint is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. § 1681s-2(b).

10.    Defendant Equifax is a corporation with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309. Its registered agent is The Prentice-Hall Corporation System, Inc. 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833.

11.     Equifax is a credit reporting agency that compiles and maintains files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

12.     Defendant Experian is an Ohio corporation with its principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626. Its registered agent is C T Corporation System, 330 N. Brand Blvd., Glendale, CA 91203.

13.     Experian is a credit reporting agency that compiles and maintains files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

14.     Defendant Trans Union is an Illinois limited liability corporation with its principal place of business located at 555 West Adams Street, Chicago, IL 60661. Its registered agent is The Prentice-Hall Corporation System, Inc. 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833.

15.     Trans Union is a credit reporting agency that compiles and maintains files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

16.     Defendants regularly conduct business in California.

VERIFIED COMPLAINT

# **FACTS**

17.    In 2020, Plaintiffs refinanced their mortgage away from Shellpoint.

18.    Plaintiffs received a payoff letter for their Shellpoint mortgage for $533,705.39 with a projected payoff date of October 29, 2020; with a *per diem* fee of $45.33.

19.    Plaintiffs' October 2020 mortgage payment was due on October 1st.

20.    Plaintiffs were encouraged not to make an October 2020 payment to Shellpoint, as that payment would change the projected payoff amount, and Shellpoint already held onto $7,000+ of Plaintiffs' money for property tax escrow that would need to be sent to Plaintiffs after the transaction closed. If Plaintiffs made their October 2020 payment separately, Shellpoint would merely have to send that money back to Plaintiffs the next month.

21.    Plaintiffs initiated a wire to pay off their Shellpoint mortgage on October 30, 2020, by wiring $534,077.25 to Shellpoint through a title company.

22.    Plaintiffs' wire was not finalized until November 2, 2020.

23.    Two weeks later, on November 19, 2020, Shellpoint paid Plaintiffs back $7,102.20 for a property tax escrow payment they were holding onto.

24.    Plaintiffs were worried the 3-day wire transfer would negatively impact their credit reports.

25.    On November 10, 2020, Shellpoint assured Plaintiffs that it would not report Plaintiffs as 30-days late for the final payoff as the 3-day wire transfer delay

was not Plaintiffs' fault.

26.     Shellpoint reported both Plaintiffs—on their individual credit reports—as being 30 days late for October 2020.

27.     Plaintiffs contacted Shellpoint about the derogatory reporting that was misleading in that the late payment was not Plaintiffs' fault.

28.     On December 11, 2020, Shellpoint assured Plaintiffs it would remove the 30 day late derogatory payment as it agreed the late payment was not Plaintiffs' fault and the current reporting was misleading.

29.     Shellpoint did not remove the 30 day late derogatory status from Plaintiffs' Equifax, Experian, or Trans Union credit reports.

30.     On March 4, 2021, both Plaintiffs sent detailed dispute letters, with supporting documentation, to Equifax, Experian, and Trans Union.

31.     Plaintiffs sent all 6 dispute letters via certified mail.

32.     All 6 of Plaintiffs' dispute letters were received by Equifax, Experian, and Trans Union.

33.     On information and belief, Equifax, Experian, and Trans Union forwarded Plaintiffs' March 2021 dispute letters—pursuant to the requirements of the FCRA—to Shellpoint so that Shellpoint could investigate Plaintiffs' disputes.

34.     Shellpoint, Equifax, Experian, and Trans Union improperly verified the 30 days late in October 2020 as accurate.

35.     Plaintiffs have since tried—unsuccessfully—to obtain financing to

VERIFIED COMPLAINT

purchase a car.

36.     The Shellpoint 30-days late is the only derogatory item on their credit reports that are preventing them from obtaining an auto loan at the rate they deserve.

37.     Shellpoint, Equifax, Experian, nor Trans Union used sufficiently rigorous thresholds to investigate, or re-investigate, Plaintiffs' disputes, failed to review the materials that Plaintiffs sent to them, and as a result left the erroneous reporting of Plaintiffs' Shellpoint account, which was misleading and erroneous.

38.     Despite Plaintiffs' lawful requests for removal of the disputed items pursuant to the FCRA, Shellpoint, Equifax, Experian, and Trans Union failed to investigate Plaintiffs' disputes and failed to remove the disputed, derogatory, and erroneous items from Plaintiffs' credit reports.

39.     Upon information and belief, Shellpoint, Equifax, Experian, and Trans Union failed to evaluate or consider any of Plaintiffs' information, claims, or evidence, and did not make sufficient—if any—attempts to remove the disputed items within a reasonable time following Defendants' receipt of Plaintiffs' disputes.

40.     The Defendants' actions have damaged Plaintiffs financially. In addition, Defendants' violations of the FCRA have caused Plaintiffs to suffer embarrassment, humiliation, and emotional distress.

41.     Plaintiffs have been denied auto loans due to Defendants' failure to correctly report Plaintiffs' Shellpoint account.

42.     Plaintiffs have suffered damages proximately caused by the conduct of Shellpoint, Equifax, Experian, and Trans Union, including:

i.      Emotional distress, damage to reputation, humiliation, guilt, stress, anxiety, frustration, mental pain, anguish, distress, and loss of focus and production;

ii.     Time and expense of pulling/reviewing their credit reports;

iii.    Believing that the Shellpoint account may continue to be reported inaccurately and misleadingly through no fault of Plaintiffs and have a chilling effect on their ability to obtain credit;

iv.     Adverse information on their credit reports and a negative impact to their credit rating;

v.      An inability to improve their credit score during the dispute process;

vi.     An auto loan denial;

vii.    Invasion of privacy;

viii.   A lower credit score; and

ix.     Having to hire attorneys to combat the improper credit reporting.

**Count I – Equifax**
**Violations of FCRA §§ 1681e(b) and 1681i as to Maria Lopez**

43.     Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

44.     A "consumer reporting agency" is defined by the FCRA as follows:

any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate

commerce for the purpose of preparing or furnishing consumer reports.

*See* 15 U.S.C. § 1681a(f).

45.    Equifax is a consumer reporting agency as defined by Section 1681a(f) of the FCRA.

46.    Equifax violated 15 U.S.C. § 1681e(b) by its conduct, acts, and omissions in failing to establish or to follow reasonable procedures to assure maximum possible accuracy of information concerning Plaintiffs in the preparation and publication of Plaintiffs' consumer reports.

47.    Equifax violated multiple sections of 15 U.S.C. § 1681i by its acts and omissions, including, but not limited to, the following:

     a.   failing to (i) conduct a reasonable reinvestigation of Plaintiffs' disputes concerning all items of information that Plaintiffs disputed, and (ii) record the correct status of the disputed information or delete the disputed information from Plaintiffs' credit file, in violation of § 1681i(a)(1);

     b.   failing to delete the erroneous items from Plaintiffs' Equifax credit file within the 30-day period of receiving Plaintiffs' disputes, in violation of § 1681i(a)(1);

     c.   failing to provide Plaintiffs' disputes to the companies that provided the information to Equifax within 5 business days, in violation of § 1681i(a)(2);

VERIFIED COMPLAINT

d.   failing to review and consider all relevant information submitted by Plaintiffs concerning Plaintiffs' dispute, in violation of § 1681i(a)(4); and

e.   failing to properly delete items of disputed information from Plaintiffs' credit file that Equifax could not have verified upon a lawful reinvestigation in violation of § 1681i(a)(5).

48.  These violations of §§ 1681e(b) and 1681i were willful, rendering Equifax liable for statutory damages, actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 1681n.

49.   In the alternative, Equifax's violations of §§ 1681e(b) and 1681i were negligent, entitling Plaintiffs to recover actual damages, costs, and reasonable attorney's fees pursuant to § 1681o.

**Count II – Equifax**
**Violations of FCRA §§ 1681e(b) and 1681i as to Silverio Lopez**

50.   Plaintiffs incorporate the paragraphs prior to Count I as though fully set forth herein.

51.   A "consumer reporting agency" is defined by the FCRA as follows:

any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate

commerce for the purpose of preparing or furnishing consumer reports.

*See* 15 U.S.C. § 1681a(f).

52.   Equifax is a consumer reporting agency as defined by Section 1681a(f) of the FCRA.

53.   Equifax violated 15 U.S.C. § 1681e(b) by its conduct, acts, and omissions in failing to establish or to follow reasonable procedures to assure maximum possible accuracy of information concerning Plaintiffs in the preparation and publication of Plaintiffs' consumer reports.

54.   Equifax violated multiple sections of 15 U.S.C. § 1681i by its acts and omissions,including, but not limited to, the following:

a.   failing to (i) conduct a reasonable reinvestigation of Plaintiffs' disputes concerning all items of information that Plaintiffs disputed, and (ii) record thecorrect status of the disputed information or delete the disputed information from Plaintiffs' credit file, in violation of § 1681i(a)(1);

b.   failing to delete the erroneous items from Plaintiffs' Equifax credit file within the 30-day period of receiving Plaintiffs' disputes, in violation of § 1681i(a)(1);

c.   failing to provide Plaintiffs' disputes to the companies that provided the information to Equifax within 5 business days, in violation of § 1681i(a)(2);

VERIFIED COMPLAINT

    d.   failing to review and consider all relevant information submitted by Plaintiffs concerning Plaintiffs' dispute, in violation of § 1681i(a)(4); and

    e.   failing to properly delete items of disputed information from Plaintiffs' credit file that Equifax could not have verified upon a lawful reinvestigation in violation of § 1681i(a)(5).

55.   These violations of §§ 1681e(b) and 1681i were willful, rendering Equifax liable for statutory damages, actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 1681n.

56.   In the alternative, Equifax's violations of §§ 1681e(b) and 1681i were negligent, entitling Plaintiffs to recover actual damages, costs, and reasonable attorney's fees pursuant to § 1681o.

**Count III – Experian**
**Violations of FCRA §§ 1681e(b) and 1681i as to Maria Lopez**

57.   Plaintiffs incorporate the paragraphs prior to Count I as though fully set forth herein.

58.   A "consumer reporting agency" is defined by the FCRA as follows:

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate

commerce for the purpose of preparing or furnishing consumer reports.

*See* 15 U.S.C. § 1681a(f).

59.     Experian is a consumer reporting agency as defined by Section 1681a(f) of the FCRA.

60.     Experian violated 15 U.S.C. § 1681e(b) by its conduct, acts, and omissions in failing to establish or to follow reasonable procedures to assure maximum possible accuracy of information concerning Plaintiffs in the preparation and publication of Plaintiffs' consumer reports.

61.     Experian violated multiple sections of 15 U.S.C. § 1681i by its acts and omissions, including, but not limited to, the following:

a.   failing to (i) conduct a reasonable reinvestigation of Plaintiffs' disputes concerning all items of information that Plaintiffs disputed, and (ii) record the correct status of the disputed information or delete the disputed information from Plaintiffs' credit file, in violation of § 1681i(a)(1);

b.   failing to delete the erroneous items from Plaintiffs' Experian credit file within the 30-day period of receiving Plaintiffs' disputes, in violation of § 1681i(a)(1);

c.   failing to provide Plaintiffs' disputes to the companies that provided the information to Experian within 5 business days, in violation of § 1681i(a)(2);

- 13 -

d.   failing to review and consider all relevant information submitted by Plaintiffs concerning Plaintiffs' dispute, in violation of § 1681i(a)(4); and

e.   failing to properly delete items of disputed information from Plaintiffs' credit file that Experian could not have verified upon a lawful reinvestigation in violation of § 1681i(a)(5).

62.   These violations of §§ 1681e(b) and 1681i were willful, rendering Experian liable for statutory damages, actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 1681n.

63.   In the alternative, Experian's violations of §§ 1681e(b) and 1681i were negligent, entitling Plaintiffs to recover actual damages, costs, and reasonable attorney's fees pursuant to § 1681o.

**Count IV – Experian**
**Violations of FCRA §§ 1681e(b) and 1681i as to Silverio Lopez**

64.   Plaintiffs incorporate the paragraphs prior to Count I as though fully set forth herein.

65.   A "consumer reporting agency" is defined by the FCRA as follows:

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate

commerce for the purpose of preparing or furnishing consumer reports.

*See* 15 U.S.C. § 1681a(f).

66.    Experian is a consumer reporting agency as defined by Section 1681a(f) of the FCRA.

67.    Experian violated 15 U.S.C. § 1681e(b) by its conduct, acts, and omissions in failing to establish or to follow reasonable procedures to assure maximum possible accuracy of information concerning Plaintiffs in the preparation and publication of Plaintiffs' consumer reports.

68.    Experian violated multiple sections of 15 U.S.C. § 1681i by its acts and omissions, including, but not limited to, the following:

a.    failing to (i) conduct a reasonable reinvestigation of Plaintiffs' disputes concerning all items of information that Plaintiffs disputed, and (ii) record the correct status of the disputed information or delete the disputed information from Plaintiffs' credit file, in violation of § 1681i(a)(1);

b.    failing to delete the erroneous items from Plaintiffs' Experian credit file within the 30-day period of receiving Plaintiffs' disputes, in violation of § 1681i(a)(1);

c.    failing to provide Plaintiffs' disputes to the companies that provided the information to Experian within 5 business days, in violation of § 1681i(a)(2);

d.   failing to review and consider all relevant information submitted by Plaintiffs concerning Plaintiffs' dispute, in violation of § 1681i(a)(4); and

e.   failing to properly delete items of disputed information from Plaintiffs' credit file that Experian could not have verified upon a lawful reinvestigation in violation of § 1681i(a)(5).

69.   These violations of §§ 1681e(b) and 1681i were willful, rendering Experian liable for statutory damages, actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 1681n.

70.   In the alternative, Experian's violations of §§ 1681e(b) and 1681i were negligent, entitling Plaintiffs to recover actual damages, costs, and reasonable attorney's fees pursuant to § 1681o.

**Count V – Trans Union**
**Violations of FCRA §§ 1681e(b) and 1681i as to Maria Lopez**

71.   Plaintiffs incorporate the paragraphs prior to Count I as though fully set forth herein.

72.   A "consumer reporting agency" is defined by the FCRA as follows:

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate

VERIFIED COMPLAINT

commerce for the purpose of preparing or furnishing consumer reports.

*See* 15 U.S.C. § 1681a(f).

73. Trans Union is a consumer reporting agency as defined by Section 1681a(f) of the FCRA.

74. Trans Union violated 15 U.S.C. § 1681e(b) by its conduct, acts, and omissions in failing to establish or to follow reasonable procedures to assure maximum possible accuracy of information concerning Plaintiffs in the preparation and publication of Plaintiffs' consumer reports.

75. Trans Union violated multiple sections of 15 U.S.C. § 1681i by its acts and omissions, including, but not limited to, the following:

    a. failing to (i) conduct a reasonable reinvestigation of Plaintiffs' disputes concerning all items of information that Plaintiffs disputed, and (ii) record the correct status of the disputed information or delete the disputed information from Plaintiffs' credit file, in violation of § 1681i(a)(1);

    b. failing to delete the erroneous items from Plaintiffs' Trans Union credit file within the 30-day period of receiving Plaintiffs' disputes, in violation of § 1681i(a)(1);

    c. failing to provide Plaintiffs' disputes to the companies that provided the information to Trans Union within 5 business days, in violation of § 1681i(a)(2);

d.   failing to review and consider all relevant information submitted by Plaintiffs concerning Plaintiffs' dispute, in violation of § 1681i(a)(4); and

e.   failing to properly delete items of disputed information from Plaintiffs' credit file that Trans Union could not have verified upon a lawful reinvestigation in violation of § 1681i(a)(5).

76.   These violations of §§ 1681e(b) and 1681i were willful, rendering Trans Union liable for statutory damages, actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 1681n.

77.   In the alternative, Trans Union's violations of §§ 1681e(b) and 1681i were negligent, entitling Plaintiffs to recover actual damages, costs, and reasonable attorney's fees pursuant to § 1681o.

**Count VI – Trans Union**
**Violations of FCRA §§ 1681e(b) and 1681i as to Silverio Lopez**

78.   Plaintiffs incorporate the paragraphs prior to Count I as though fully set forth herein.

79.   A "consumer reporting agency" is defined by the FCRA as follows:

> any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate

commerce for the purpose of preparing or furnishing consumer reports.

*See* 15 U.S.C. § 1681a(f).

80.    Trans Union is a consumer reporting agency as defined by Section 1681a(f) of the FCRA.

81.    Trans Union violated 15 U.S.C. § 1681e(b) by its conduct, acts, and omissions in failing to establish or to follow reasonable procedures to assure maximum possible accuracy of information concerning Plaintiffs in the preparation and publication of Plaintiffs' consumer reports.

82.    Trans Union violated multiple sections of 15 U.S.C. § 1681i by its acts and omissions, including, but not limited to, the following:

a.    failing to (i) conduct a reasonable reinvestigation of Plaintiffs' disputes concerning all items of information that Plaintiffs disputed, and (ii) record the correct status of the disputed information or delete the disputed information from Plaintiffs' credit file, in violation of § 1681i(a)(1);

b.    failing to delete the erroneous items from Plaintiffs' Trans Union credit file within the 30-day period of receiving Plaintiffs' disputes, in violation of § 1681i(a)(1);

c.    failing to provide Plaintiffs' disputes to the companies that provided the information to Trans Union within 5 business days, in violation of § 1681i(a)(2);

VERIFIED COMPLAINT

d.   failing to review and consider all relevant information submitted by Plaintiffs concerning Plaintiffs' dispute, in violation of § 1681i(a)(4); and

e.   failing to properly delete items of disputed information from Plaintiffs' credit file that Trans Union could not have verified upon a lawful reinvestigation in violation of § 1681i(a)(5).

83.   These violations of §§ 1681e(b) and 1681i were willful, rendering Trans Union liable for statutory damages, actual damages, costs and reasonable attorney's fees, and punitive damages in an amount to be determined by the Court pursuant to § 1681n.

84.   In the alternative, Trans Union's violations of §§ 1681e(b) and 1681i were negligent, entitling Plaintiffs to recover actual damages, costs, and reasonable attorney's fees pursuant to § 1681o

**Count VII – Shellpoint**
**Violations of FCRA § 1681s-2(b) as to Maria Lopez**

85.   Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

86.   Pursuant to 15 U.S.C. § 1681s-2(b)(1)(A), after Shellpoint receives notice of a "dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, [Shellpoint] shall conduct an investigation with respect to the disputed information."

87.     Pursuant to 15 U.S.C. § 1681s-2(b)(1)(A), after Shellpoint receives notice of a "dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, [Shellpoint] shall review all relevant information provided by the consumer reporting agency…"

88.     Shellpoint failed to fully and properly investigate Plaintiffs' disputes relating to the 30-days late derogatory payment that is inaccurate and misleading to potential creditors.

89.     Shellpoint failed to review all relevant information provided by Equifax, Experian, and Trans Union relating to Plaintiffs' disputes.

90.     Shellpoint's conduct, action, and inaction was willful, or, in the alternative, negligent.

91.     Plaintiffs suffered embarrassment, humiliation, and emotional distress because of Shellpoint's failure to fully and properly investigate Plaintiffs' disputes.

**Count VIII – Shellpoint**
**Violations of FCRA § 1681s-2(b) as to Silverio Lopez**

92.     Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

93.     Pursuant to 15 U.S.C. § 1681s-2(b)(1)(A), after Shellpoint receives notice of a "dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, [Shellpoint] shall conduct an investigation with respect to the disputed information."

VERIFIED COMPLAINT

94.     Pursuant to 15 U.S.C. § 1681s-2(b)(1)(A), after Shellpoint receives notice of a "dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, [Shellpoint] shall review all relevant information provided by the consumer reporting agency…"

95.     Shellpoint failed to fully and properly investigate Plaintiffs' disputes relating to the 30-days late derogatory payment that is inaccurate and misleading to potential creditors.

96.     Shellpoint failed to review all relevant information provided by Equifax, Experian, and Trans Union relating to Plaintiffs' disputes.

97.     Shellpoint's conduct, action, and inaction was willful, or, in the alternative, negligent.

98.     Plaintiffs suffered embarrassment, humiliation, and emotional distress because of Shellpoint's failure to fully and properly investigate Plaintiffs' disputes

WHEREFORE, Plaintiffs request that this Honorable Court:

a.     Enter judgment in Plaintiffs' favor and against each Defendant jointly and severally;
b.     Appropriate statutory penalties for each violation of the FCRA;
c.     Actual damages;
d.     Punitive damages;
e.     Reasonable attorney's fees and the costs of this litigation;
f.     Pre-judgment and post-judgment interest at the legal rate;
g.     Appropriate equitable relief, including the correction of Plaintiffs' Shellpoint mortgage account; and
h.     Such other relief as the Court deems equitable, just, and proper.

VERIFIED COMPLAINT

1

2

## <u>DEMAND FOR JURY TRIAL</u>

3      Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs demand a trial by

4   jury as to all issues so triable.

5

6

DATED: September 8, 2021

7

8                                                          _/s/ Trinette G. Kent_
                                                           Trinette G. Kent
                                                           Attorney for Plaintiffs
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **VERIFICATION**

Plaintiffs Maria C. Lopez and Silverio A. Lopez declare as follows:

1.     We are the Plaintiffs in this Verified Complaint.

2.     We reside in California.

3.     We have personal knowledge of ourselves and our activities, including those set forth in this Verified Complaint. If called to testify, we could and would testify competently and truthfully as to the matters stated in this Verified Complaint.

4.      We verify and affirm under penalty of perjury under the laws of the United States of America and the State of California that the factual averments in this Verified Complaint concerning ourselves and our activities are true and correct pursuant to 28 U.S.C. § 1746.

Executed on:_____9/8/2021_____

_____
ID 6E2zzlWGkWP8xR7fZr31EqD1

/s/ Maria C. Lopez, Plaintiff

Executed on:_____9/8/2021_____

_____
ID hCxpCmykje74HgWNq4kT64Pz

/s/ Silverio A. Lopez, Plaintiff

- 24 -
VERIFIED COMPLAINT

## eSignature Details

| | |
|---|---|
| **Signer ID:** | **6E2zztWGkWP8xR7fZr31EqD1** |
| Signed by: | Maria Lopez |
| Sent to email: | erichris29@yahoo.com |
| IP Address: | 68.7.193.47 |
| Signed at: | Sep 8 2021, 3:14 pm CDT |

| | |
|---|---|
| **Signer ID:** | **hCxpCmykje74HgWNq4kT64Pz** |
| Signed by: | Silverio A. Lopez |
| Sent to email: | christylaud@yahoo.com |
| IP Address: | 68.7.193.47 |
| Signed at: | Sep 8 2021, 4:05 pm CDT |